STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Joseph Perella  }
           }
           }  Docket No. 90-6-01 Vtec
           }
           }

<u>Decision and Order on Appellant= s Renewed Motion for Summary Judgment</u>

Appellant appealed from the June 14, 2001 decision of the Zoning Board of Adjustment (ZBA) of the Town of Huntington, granting Appellee-Applicants Rahul and Tamara Kushwaha an amended conditional use permit to increase the size of the building that was the subject of a January 2, 2001 conditional use permit to A renovate an existing barn into a second residence on an existing lot@ at 1207 Moody Road. Appellant appeared and represents himself; Appellee-Applicants are represented by David M. Sunshine, Esq.; Interested persons Wayne Curley, Barbara Felitti, and Tom Northrop appeared and represent themselves; and the Town is represented by Robert J. Perry, Esq. Appellant moved for summary judgment in his initial filings. The Court denied the motion, without prejudice to its renewal, on the basis that the Zoning Ordinance did not appear to prohibit two separate residential units on a single lot. Appellant renewed his motion, arguing that such a use was not allowed as a conditional use.

The following facts are undisputed unless otherwise noted. Appellee-Applicants= property is a 10.1-acre lot in the Agricultural/Residential/Recreational zoning district, which requires a five-acre lot size. Appellee-Applicants applied in August 2000 for a zoning permit for A renovation of an existing barn/garage,@ described in the application as 30 feet wide by 40 feet long, with a setback to Appellant= s property line of approximately 65 feet. The Zoning Administrator denied the permit on the basis that it needed a conditional use permit. In October 2000, Appellee-Applicants applied for a conditional use permit, which was issued in January 2001. We note that issues as to the validity of the January 2001 permit are not before the Court in this appeal, as the Court has ruled in Docket No. 95-6-01 Vtec that it was not timely appealed, and that decision has been appealed to the Vermont Supreme Court.

At the hearing on December 26, 2000, Appellee-Applicants= agent explained that Appellee-Applicants wished to rent out their primary residence, and wished to use the new living space as a seasonal home for themselves when they vacation in Vermont. Also at the hearing, Appellee-Applicants= agent stated that the foundation of the existing structure was insufficient to support the second-floor apartment, and that they now requested to remove the existing barn/garage and build a new structure on the same site as the existing barn, to be a garage on the lower level and living space on the upper level. The initial conditional use permit was issued in January 2001 and was not appealed at the time. It provided that the garage/apartment would be build in the A exact same location@ as the existing barn, that it would only be for A occasional use@ by Appellee-Applicants and their family, and that the apartment could not be rented out without an additional conditional use permit.

Appellant recites facts under the heading A Permit Violation@ reflecting that the structure actually built was larger and closer to the property line than that described in the January 2001 permit, that the Zoning Administrator issued a notice of violation directing Appellee-Applicants to cease construction and to apply for an amendment for the larger structure, and that the ZBA issued a temporary stay of enforcement allowing work to proceed. No enforcement action has been brought, and Appellee-Applicants did not appeal the Notice of Violation. Rather, they applied for and received the conditional use amendment which is the subject of the present appeal.

The Huntington Zoning Ordinance is unusual in several respects. First, unlike the conditional use provisions of some other towns, the Huntington Zoning Ordinance does not contain an A other similar uses@ category in its conditional use categories. ' 4(B). Only the listed conditional uses may be allowed in each given district.

Second, although the Zoning Ordinance does require a zoning (building) permit for the construction of any building, or any expansion or change of use in an existing building (' 13(A)), it does not specifically provide for zoning approval of barns, garages, storage buildings and other outbuildings as accessory uses to a residence, either as permitted or as conditional uses.

However, the Zoning Ordinance does appear to contemplate that a single-family residential use may be carried on in more than one building. For example, the definition of > homestead= is A the land and buildings thereon occupied by the owner as a primary residence for oneself and one= s family.@ (emphasis added) ' 16(B)(21). Residential setback requirements also refer to A buildings@ in the plural in ' 6(B)(1). Home occupations may be carried on not only within the principal dwelling, but also within enclosed building space in A garages, barns, other outbuildings and any roofed areas.@ ' 8(B)(4) or (C)(4). Therefore it is possible under the Huntington Zoning Ordinance that a single-family residential use with living space in more than one building could fall within the permitted-use category of A single family residential,@ so long as it was occupied by a single family. However, in the present case, Appellee-Applicants propose to rent out their house, and to use the new apartment to live in themselves when they return to Vermont on vacations. This is not a single-family use of the two buildings.

If the two buildings were connected, the proposed use would be a duplex or two-family residential use, which is a permitted use in the district and which could receive a zoning permit from the Zoning Administrator if it met all setback and dimensional requirements of the zoning ordinance. However, if applied for, such a two-family residential use would be a permitted use, and would not properly be the subject of a conditional use approval by the ZBA.

The only other way the two residential buildings could be approved is as a planned residential development under ' 12(A). As the lot is just over 10 acres, and the minimum lot size in the district is five acres, two dwelling units could be built on the site under ' 12(A), if they met all the other criteria for approval, including setbacks and landscaping and screening to protect neighboring properties. ' 12(A)(2)(e). However, if applied for, such a planned residential development would have to be ruled on by the Planning Commission, and also would not properly be the subject of conditional use approval by the ZBA.

The Zoning Ordinance does not appear to provide for any other mechanism of approval of two residential buildings on Appellee-Applicant= s single lot. Accordingly, it is hereby ORDERED and ADJUDGED that Appellant= s Motion for Summary Judgment is GRANTED as to Question 1 of the Statement of Questions: a second residential structure is not an allowed conditional use.

We will hold a telephone conference on November 16, 2001, to determine which, if any, of the remaining questions of Appellant= s July 12[1], 2001 Statement of Questions remain to be heard in connection with this appeal, or whether the application must be remanded to be considered as a Planned Residential Development by the Planning Commission; modified to be considered for approval as a duplex; or considered as a single-family use in two buildings. Appellant, Mr. Curley, Ms. Felitti and Mr. Northrop shall inform the Court whether they all will be participating in the conference, whether they wish to be at a single speaker telephone for the conference, or whether a conference operator will be necessary. The parties should be prepared to state at the conference whether any other applications or enforcement actions are already pending in any other forum.

Done at Barre, Vermont, this 5th day of November, 2001.

_____
Merideth Wright
Environmental Judge

---

## Footnotes

[1]    Appellant filed a Statement of Questions for this appeal on July 12, 2001, and later filed a consolidated statement of questions on July 20, 2001 for this appeal and Docket No. 95-6-01. However, the two cases do not remain consolidated, as Docket No. 95-6-01 has been appealed to the Supreme Court and Docket No. 90-6-01 remains in this Court.